**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHERIN LISBETH MARTINEZ-FLORES,<br><br>                         Petitioner,<br><br>         v.<br><br>JOSHUA JOHNSON, et al.,<br><br>                         Respondents. | Case No.  EDCV 26-4119-PVC<br><br>**MEMORANDUM DECISION AND ORDER ORDERING A BOND HEARING WITHIN SEVEN DAYS OR IMMEDIATE RELEASE** |

Petitioner Katherin Lisbeth Martinez-Flores ("Petitioner"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Joshua Johnson, Warden of Adelanto Detention Facility; Jaime Rios, Acting ICE Field Office Director U.S. Immigration and Customs Enforcement; David J. Venturella, Acting Director of U.S. Immigration and Customs Enforcement; Markwayne Mullin, Secretary of United States Department of Homeland Security; and Todd Blanche, Attorney General of the United States on July 22, 2026.  (Pet., Dkt. No. 1).  The Petition states that Petitioner has been in immigration custody since being

detained at her regularly scheduled ICE check-in.  (*Id.* at 2).[1]  Petitioner is currently detained at the Adelanto ICE Processing Facility in Adelanto, California.  (*Id.*). Petitioner alleges that her continued detention without a bond hearing violates 8 U.S.C. § 1226(a) (*id.* at 8), the Administrative Procedure Act (*id.* at 8–9), and procedural due process under the Fifth Amendment (*id.* at 9).  The Petition seeks relief in the form of an order requiring that Respondents release Petitioner, or in the alternative provide Petitioner with a bond hearing.  (*Id.*).  The Petition also requests reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act. (*Id.* at 10).

Respondents filed their Answer on July 30, 2026 ("Answer").  (Dkt. No. 9). The Answer conceded that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *reconsideration granted in part*, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).[2]   (Dkt. No. 9 at 2).

---

[1]  For ease of reference, when referring to the filings, the Court uses page numbers generated by CM/ECF.  These numbers are printed in a blue ribbon at the top of each page filed on the docket.

[2] On December 18, 2025, the court in *Maldonado Bautista* entered final judgment and granted declaratory relief to all members of the Bond Eligible Class. *See Bautista v. Santacruz*, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Pursuant to the final judgment entered in *Maldonado Bautista*, "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista v. Noem*, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).  The Ninth Circuit has now agreed with this interpretation. *See Rodriguez Vasquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States

In light of Respondents' concession that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista*, Petitioner is entitled to a bond hearing.

IT IS THEREFORE ORDERED that

(1) within seven days, Respondents release Petitioner or provide her with an individualized bond hearing under 8 U.S.C. § 1226(a);

(2) Respondents file a notice of compliance advising how they complied with this Order within seven days; and

(3) the parties file a joint status report within 14 days informing the Court of the outcome of any bond hearing, whether any issues remain, and the parties' positions on whether additional briefing is needed on any remaining issues. If so, the parties shall submit a proposed briefing schedule. If not, Petitioner shall within the same 14 days file a motion for voluntary dismissal or the parties shall submit a stipulated judgment.

DATED: July 31, 2026

_____
PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

_____

are subject to the detention regime of § 1226, not § 1225(b)(2)(A).

3